# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAKIM SCOTT<br><br>                    Plaintiff,<br><br>    v.<br><br>KOOKMIN BEST INSURANCE<br>COMPANY, LTD., F/K/A LEADING<br>INSURANCE SERVICES, INC.<br><br>                    Defendant. | CIVIL ACTION NO.:<br><br>2:22-cv-01906-MSG |

**BRIEF IN SUPPORT OF DEFENDANT KOOKMIN BEST INSURANCE COMPANY, LTD. F/K/A LEADING INSURANCE SERVICES INC.'S MOTION TO <u>DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

**Table of Contents**

I.  Preliminary Statement .................................................................................................... 1

II. Facts .............................................................................................................................. 2

   A.  The CCP Action. ..................................................................................................... 2

   B.  Scott Alleges that Leading Insurance Breached the Policy. ............................................ 3

III. Legal Argument ............................................................................................................ 3

   A.  The Judgment Precludes Scott from Litigating Leading Insurance's Obligations to David On Related to the CCP Action. ...................................................................... 4

   B.  Scott Fails to State a Claim upon which Relief Can be Granted because the Doctrine of Issue Preclusion Necessitates a Finding against Scott because he cannot Relitigate whether the Allegations in the Injury Complaint Trigger the Policy. ..................................................... 7

   C.  The Statute of Limitations Bars Scott's Claims .............................................. 11

IV. Conclusion .................................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Allegheny Ludlum, LLC v. Liberty Mut. Ins. Co.,
  858 F. App'x 49 (3d Cir. 2021) ...................................................................................................14

Allegheny Ludlum, LLC v. Liberty Mut. Ins. Co.,
  487 F. Supp. 3d 350 (W.D. Pa. 2020) ........................................................................................14

Ash v. Cont'l Ins. Co.,
  932 A.2d 877 (Pa. 2007) ......................................................................................................11, 12

Churchill v. Star Enters.,
  183 F.3d 184 (3d Cir. 1999) .....................................................................................................4, 5

Connelly Found. v. Sch. Dist.,
  461 F.2d 495 (3d Cir. 1972) .........................................................................................................4

Toy v. Metro. Life Ins. Co.,
  928 A.2d 186 (Pa. 2007) ............................................................................................................12

D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co.,
  431 A.2d 966 (Pa. 1981) ............................................................................................................12

United States ex rel. Doe v. Heart Sol., PC,
  923 F.3d 308 (3d Cir. 2019) .........................................................................................................9

Fine v. Checcio,
  870 A.2d 850 (Pa. 2005) ............................................................................................................13

Gen. Accident Ins. Co. of Am. v. Allen,
  692 A.2d 1089 (Pa. 1997) ............................................................................................................8

Hubicki v. ACF Indus., Inc.,
  484 F.2d 519 (3d Cir. 1973) .........................................................................................................5

Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,
  908 A.2d 888 (Pa. 2006) ........................................................................................................8, 10

Lum v. Bank of Am.,
  361 F.3d 217 (3d Cir. 2004) ...................................................................................................6, 10

Lupu v. Loan City, LLC,
  903 F.3d 382 (3d Cir. 2018) .........................................................................................................8

M & M Stone Co. v. Pennsylvania,
    388 F. App'x 156 (3d Cir. 2010) ...................................................................................4

Montana v. United States,
    440 U.S. 147, 99 S. Ct. 970, 59 L.Ed.2d 210 (1979) ....................................................9

Mut. Benefit Ins. Co. v. Haver,
    725 A.2d 743 (Pa. 1999) ...............................................................................................8

Rivet v. Regions Bank,
    522 U.S. 470, 118 S. Ct. 921, 139 L.Ed.2d 912 (1998) ................................................6

Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.,
    939 F.3d 243 (3d Cir. 2019) ..........................................................................................8

Selective Way Ins. Co. v. Hosp. Grp. Servs.,
    119 A.3d 1035 (Pa. Super. 2014) ..........................................................................13, 14

Sheridan v. NGK Metals Corp.,
    609 F.3d 239 (3d Cir. 2010) ..........................................................................................5

Sikirica v. Nationwide Ins. Co.,
    416 F.3d 214 (3d Cir. 2005) ..........................................................................................9

Thorson v. State Farm Mut. Auto. Ins. Co.,
    1992 U.S. Dist. LEXIS 291 (E.D. Pa. Jan. 10, 1992) .................................................13

United States v. Athlone Indus., Inc.,
    746 F.2d 977 (3d Cir. 1984) ..................................................................................4, 5, 6

Ware v. Rodale Press, Inc.,
    322 F.3d 218 (3d Cir. 2003) ..........................................................................................9

**Statutes**

42 Pa.C.S. § 5524 ................................................................................................................11

42 Pa.C.S. § 5525 ................................................................................................................11

42 Pa.C.S. § 8371 ..........................................................................................................12, 13

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 10 ................................................................................................................11

Fed. R. Civ. P. 12(b)(1) ...............................................................................................4, 5, 6

Fed. R. Civ. P. 12(b)(6) ...................................................................................................4, 14

I.      **Preliminary Statement**

This lawsuit seeks identical relief to a lawsuit filed by Plaintiff Hakim Scott against David On in the Philadelphia County Court of Common Pleas (the "CCP Action"). David On joined Kookmin Best Insurance Company, Ltd., formerly known as Leading Insurance Services, Inc. ("Leading Insurance"), to the CCP Action. In response, Leading Insurance counterclaimed for a declaratory judgment that it owed no defense to defend or indemnify David On in the CCP Action. In 2020, the Philadelphia County Court of Common Pleas entered summary judgment for Leading Insurance, finding that Leading Insurance had no duty to defend or indemnify David On. Scott, as David On's alleged assignee, alleges breach of contract against Leading Insurance for failing to indemnify David On in the CCP Action, specifically regarding a settlement agreement in that action.

Claim preclusion bars Scott's claims. As parties to the CCP Action, Scott and David On litigated or could have brought identical claims to the ones that Scott brings in this action. Final judgment in Leading Insurance's favor precludes Scott from relitigating Leading Insurance's obligations to indemnify David On in the hopes of seeking a different result in a different court.

Scott's claims also fail because issue preclusion defeats Scott's claims against Leading Insurance. Proof that Leading Insurance owed a duty to David On is an essential element to Scott's breach of contract claims. To prove existence and breach of an insurance carrier's duty to either defend or indemnify, Scott must prove that the factual allegations in his CCP Action complaint trigger Leading Insurance's policy. The parties actually litigated that issue in the CCP Action, however, and the Philadelphia Court of Common Pleas adjudged that Scott's factual allegations in that complaint do not trigger the policy. That judgment binds Scott who cannot now relitigate that issue in this Court and hope for a different result. Therefore, issue preclusion separately prevents Scott from prevailing on the duty element of breach of contract.

Scott's claims are untimely according to the applicable statutes of limitations. If Leading Insurance breached the policy, which it denies, any claims for breach of contract and bad faith accrued in 2014 when Leading Insurance denied coverage for defense and indemnity to David On. The Court must dismiss this untimely action filed nearly eight years after the claims accrued.

**II.    Facts**

    **A.    The CCP Action.**

On November 3, 2014, Scott filed a complaint against David On d/b/a Murano Deli in the CCP Action under docket number 141100107. In that complaint, Scott alleges that on May 1, 2013, a patron of the Murano Deli assaulted him. See Exhibit 1, a true and correct copy of Scott's CCP Action Complaint (the "Injury Complaint").

On April 22, 2015, Mr. On joined Leading Insurance. See Exhibit 2, a true and correct copy of Mr. On's CCP Action Joinder Complaint. Leading Insurance counterclaimed, seeking a declaration that it had no obligation to defend or indemnify Mr. On in the CCP Action. See Exhibit 3, a true and correct copy of Leading Insurance's CCP Action Answer with New Matter and Counterclaim. On January 6, 2020, Leading Insurance moved for summary judgment that it had no duty to defend or indemnify Mr. On in the CCP Action. See Exhibit 4, a true and correct copy of Leading Insurance's CCP Action Motion for Summary Judgment. On February 19, 2020 the Court of Common Pleas granted Leading Insurance's unopposed motion for summary judgment (the "Judgment"). See Exhibit 5, a true and correct copy of the Judgment. Scott and Mr. On entered into a settlement agreement (the "Settlement Agreement"), in which Mr. On agreed to have an unreasonable judgment of $900,000 entered against him in the CCP Action. See Exhibit 6, a true and correct copy of the Settlement Agreement. The dockets in the CCP Action do not reflect that Scott perfected the judgment against Mr. On outlined in the Settlement Agreement.

In the Settlement Agreement, Scott and Mr. On described the Judgment as follows:

> WHEREAS, summary judgment was granted in favor of Leading Insurance Services in this matter, holding that Leading Insurance Services' insurance policy did not provide coverage for Murano Deli/DOI[1] for incidents such as the one giving rise to this action, despite the misrepresentations committed by the Kim Defendants, who misrepresented to Mr. On that such insurance coverage in fact had been procured from Leading Insurance Services.

Id. at page 2.

### B. Scott Alleges that Leading Insurance Breached the Policy.

On July 12, 2022, Scott filed the operative amended complaint against Leading Insurance. (ECF 14.) Allegedly, David On assigned all of his claims against Leading Insurance to Scott. Id. at ¶ 17. Scott filed a lawsuit against David On, Inc. related to bodily injuries Scott sustained on May 1, 2013 at the Murano Deli. (ECF 1 at ¶¶ 7-8.) David On purportedly notified Leading Insurance of the injuries sustained by Scott and the lawsuit Scott filed. Id. at ¶ 9. On November 24, 2014, Leading Insurance disclaimed coverage for Scott's injuries and the lawsuit via a letter sent to David On. Id. at ¶ 10. Scott alleges that Leading Insurance's 2014 denial of coverage to David On was erroneous. Id. at ¶¶ 11-14. Allegedly, on May 17, 2021, Scott and David On entered into a settlement agreement in which David On agreed to pay Scott $900,000 in exchange for dismissal of the injury lawsuit. Id. at ¶ 15.

### III. Legal Argument

This Court must dismiss this lawsuit for at least three reasons:

1. Claim preclusion bars Scott from relitigating whether Leading Insurance owes coverage for the CCP Action.

---

[1] David On, Inc.

3

2. Issue preclusion prevents Scott from relitigating whether the allegations in the complaint in the CCP Action trigger the Policy and, therefore, prevent Scott from prevailing on an essential element of breach of contract as a matter of law.

3. Scott's claims are untimely.

Though Leading Insurance should prevail on all of the above arguments, if the Court finds in Leading Insurance's favor on any one of the above arguments, it must dismiss this action.

### A. The Judgment Precludes Scott from Litigating Leading Insurance's Obligations to David On Related to the CCP Action.

Scott's amended complaint contends that Leading Insurance owes David On insurance coverage according to the terms of the Policy. Leading Insurance litigated that claim to a final judgment on the merits in the CCP Action. Claim preclusion bars Scott from relitigating that claim.

1. The Court Must Dismiss this Action because Claim Preclusion, or *Res Judicata*, Bars Claims Regarding Leading Insurance's Duties to Mr. On in the CCP Action.

Claim preclusion bars a lawsuit when there is "1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984).

Though it is an affirmative defense, a party can raise claim preclusion via a motion to dismiss according to Fed. R. Civ. P. 12(b)(6). Connelly Found. v. Sch. Dist., 461 F.2d 495, 496 (3d Cir. 1972). Fed. R. Civ. P. 12(b)(6) allows a court to "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004). Importantly, "A prior judicial opinion constitutes a public record of which a court may take judicial notice" but only to establish the existence of the opinion. Id. Reliance on the outside evidence identified in

Lum, such as the exhibits to this motion, does not convert a motion to dismiss into a motion for summary judgment. Id., generally.

In a motion to dismiss based on the defense of claim preclusion, "it is axiomatic that a court must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims." M & M Stone Co. v. Pennsylvania, 388 F. App'x 156, 162 (3d Cir. 2010) (non-precedential).

Scott raises identical claims to those litigated in the CCP Action and, therefore, this Court must dismiss Scott's lawsuit.

### 2. The Judgment is a Final Judgment on the Merits between Parties in Privity in the CCP Action.

The Philadelphia County Court of Common Pleas entered the Judgment based on Leading Insurance's unopposed motion for summary judgment. See Exhibit 5. Summary judgment is a final judgment on the merits that satisfies the first element of claim preclusion. Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973) (holding, "summary judgment is a final judgment on the merits sufficient to raise the defense of *res judicata* in a subsequent action between the parties.") Further, Scott, David On, and Leading Insurance were parties in the CCP Action, satisfying the privity element.

### 3. Scott Alleges the Same Causes of Action as the CCP Action.

Scott seeks to litigate the same claims that Leading Insurance successfully litigated against David On. Scott's claim arises out of the Policy issued to David On. ECF 1 at ¶ 5. Allegedly, Leading Insurance wrongfully disclaimed coverage to David On for the CCP Action. Id. at ¶¶ 10-13.

Though the third Athlone element references "causes of action," the specific causes of action are not dispositive of whether the doctrine of claim preclusion applies. "Rather than resting

5

on the specific legal theory invoked, *res judicata* generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims. Athlone Indus., Inc., 746 F.2d at 983-84. Claim preclusion can apply when a plaintiff seeks different theory of recovery or seeks different relief. Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010). Claim preclusion's purpose "is to avoid piecemeal litigation of claims arising from the same events." Churchill v. Star Enters., 183 F.3d 184, 194 (3d Cir. 1999). According the United States Supreme Court, claim preclusion bars not only those claims that were actually brought in the preceding litigation but also claims that "could have been raised in that action." Rivet v. Regions Bank, 522 U.S. 470, 476, 118 S. Ct. 921, 925, 139 L.Ed.2d 912, 919 (1998).

When determining whether the claims between a present and prior suit are the same, courts in the Third Circuit consider "(1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions) …; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first) ...; and (4) whether the *material* facts alleged are the same." Athlone Indus., Inc., 746 F.2d at 984. (internal citations omitted). The CCP Action and this action plainly satisfy each of those elements.

Scott's allegations center on Leading Insurance's alleged wrongful denial of insurance coverage for David On in the CCP Action. ECF 1 at ¶ 14. Scott alleges that Leading Insurance is required to indemnify David On for the $900,000 settlement. Id. at ¶¶ 21-24. Though Scott frames his claim as one for "breach of contract," the central question is whether Leading Insurance has a duty to indemnify David On in the CCP Action. Id., generally and at *ad damnum* clause. Leading Insurance's counterclaim sought a declaratory judgment that Leading Insurance had no duty to

6

indemnify David On, and its motion for summary judgment sought disposition on the counterclaim. The Judgment resolved the identical question raised by Scott here. Leading Insurance has no duty to defend or indemnify David On in the CCP Action.

The Court must also consider the same evidence in determining a final judgment, either after a trial or at summary judgment. As described more fully below, Leading Insurance cannot have a duty to indemnify David On for the settlement absent a duty to defend. Determining whether Leading Insurance has a duty to defend is a question of law based only on two pieces of evidence: the Policy and Scott's complaint in the CCP Action. That evidence was also before the Court of Common Pleas when it entered the Judgment. This action would involve identical witnesses, evidence, and other evidence that was presented in the trial against Mr. Kim in the CCP Action.

Scott alleges the same material facts as were litigated in the CCP Action. Namely, Leading Insurance issued an insurance policy to David On, David On made a claim to Leading Insurance, and Leading Insurance denied that claim. (ECF 1, generally) and Exhibit 3, generally. Scott contends that Leading Insurance's denial was improper. (ECF 1 at ¶ 14). The Philadelphia County Court of Common Pleas disagreed when it entered the Judgment in Leading Insurance's favor.

Scott's claim is duplicative of the claims litigated in the CCP Action, and claim preclusion mandates dismissal.

      **B.**    **Scott Fails to State a Claim upon which Relief Can be Granted because the Doctrine of Issue Preclusion Necessitates a Finding against Scott because he cannot Relitigate whether the Allegations in the Injury Complaint Trigger the Policy.**

Issue preclusion also separately defeats Scott's claims against Leading Insurance. The Judgment determined that the factual allegations in the Injury Complaint do not trigger Leading Insurance's Policy issued to David On. Therefore, the Judgment precludes Scott from proving an essential element of his breach of contract claim against Leading Insurance.

7

1. <u>The Standards of Insurance Policy Interpretation Require that the CCP Action Complaint's Factual Allegations Trigger the Policy.</u>

When determining whether an insurance carrier owes any duties to its insured, Pennsylvania Courts utilize a strict four-corners approach that limits a court to considering two pieces of evidence: the policy and the underlying complaint. <u>Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.</u>, 908 A.2d 888, 896 (Pa. 2006) ("A carrier's duty to defend and indemnify an insured in a suit brought by a third party depends upon a determination of whether the third party's complaint triggers coverage"), <u>citing</u> <u>Gen. Accident Ins. Co. of Am. v. Allen</u>, 692 A.2d 1089, 1095 (Pa. 1997) ("Although the duty to defend is separate from and broader than the duty to indemnify, both duties flow from a determination that the complaint triggers coverage.") Moreover, when determining a carrier's duties to its insured, it is only the factual allegations of the complaint that trigger coverage and not legal theories or characterizations. <u>Mut. Benefit Ins. Co. v. Haver</u>, 725 A.2d 743, 745 (Pa. 1999) ("the particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint.")

The Third Circuit repeatedly refuses to expand Pennsylvania's four corners rule. <u>Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.</u>, 939 F.3d 243, 251-52 (3d Cir. 2019) ("The question of whether a claim against an insured is potentially covered is answered by comparing the four corners of the insurance contract to the four corners of the complaint. We do not consider extrinsic evidence.") (internal citations omitted); <u>Lupu v. Loan City, LLC</u>, 903 F.3d 382, 391-922 (3d Cir. 2018) (recounting the <u>Kvaerner</u> Court's refusal to accept an invitation to expand Pennsylvania's four-corners rule and agreeing to honor the Pennsylvania Supreme Court's "decision to maintain a simple, bright-line rule.")

When an insurance carrier does not have a duty to defend, it cannot have a duty to indemnify its insured. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 226 (3d Cir. 2005) ("Because the duty to defend is broader than the duty to indemnify, if an insurance carrier has no duty to defend it does not have a duty to indemnify.")

Issue preclusion applies more narrowly than claim preclusion and prohibits parties like Scott from re-litigating issues decided in prior litigation. Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970, 973, 59 L.Ed.2d 210, 217 (1979) ("once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.")

The Third Circuit uses the following test when determining if issue preclusion applies: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." United States ex rel. Doe v. Heart Sol., PC, 923 F.3d 308, 316 (3d Cir. 2019).

Therefore, in order for Scott to prevail on his claims against Leading Insurance, he must prove that the allegations in the Injury Complaint trigger coverage. The Judgment's ruling to the contrary, however, precludes him from doing so as a matter of law.

        2.    <u>The Judgment precludes Scott from arguing that the factual allegations in the Injury Complaint trigger coverage, an essential element to breach of contract.</u>

To prevail on a claim for breach of contract, Scott must prove "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." Ware v. Rodale Press, Inc., 322 F.3d 218, 225 (3d Cir. 2003) (citations omitted).

9

Scott alleges that Leading Insurance breached the policy by declining to indemnify Mr. On for the Settlement. He cannot prevail on that claim as a matter of law because Leading Insurance does not owe any duties under the Policy. Whether the allegations in the Injury Complaint trigger the Policy is an essential element of Leading Insurance's duty to indemnify. See, Kvaerner, 908 A.2d at 896.

The Philadelphia County Court of Common Pleas adjudicated that the allegations in Scott's complaint in the CCP Action do not trigger coverage under the Policy. The Judgment precludes Scott and David On, as parties to that action, from litigating to the contrary now. Leading Insurance's Motion for Summary Judgment presented the following question:

> Should summary judgment be awarded in favor of Leading Insurance Services, Inc. when the request for coverage under the Leading Insurance Services, Inc.'s insurance policy issued to David On, Inc. d/b/a Murano Deli specifically excludes coverage for the allegations contained in the underlying complaint and/or does not provide coverage for the allegations contained in the underlying complaint.

See Exhibit 4 at motion page 2-3. According to decades' worth of Pennsylvania and Third Circuit precedent, the factual allegations in the underlying complaint are the only evidence a court can consider to determine whether a complaint triggers coverage. At the very least, the Judgment establishes that the factual allegations in Scott's complaint in the CCP Action do not trigger coverage under the Policy as a matter of law.

The Settlement Agreement between Scott and David On characterizes the Judgment as follows: "summary judgment was granted in favor of Leading Insurance Services in this matter, holding that Leading Insurance Services' insurance policy did not provide coverage for Murano Deli/DOI[2] for incidents such as the one giving rise to" the CCP Action.

---

[2] David On, Inc.

10

Scott alleges that Leading Insurance breached the Policy. To prevail on that claim, he must prove that Leading Insurance owed a duty to indemnify David On in the CCP Action. The Judgment, however, establishes that the allegations in the Injury Complaint do not fall within the scope of the Policy. If those allegations do not trigger the Policy, Leading Insurance cannot have a duty to indemnify David On in the CCP Action as a matter of law. Issue preclusion prohibits Scott from relitigating whether the Injury Complaint's factual allegations trigger the Policy and, therefore, the Judgment is fatal to an essential element of Scott's breach of contract claims against Leading Insurance. Therefore, Scott failed to state a claim for breach of contract and the Court should dismiss this action.

### C.    The Statute of Limitations Bars Scott's Claims

Scott's claims are time-barred. If David On had claims against Leading Insurance, those claims accrued in November 2014 – when Leading Insurance disclaimed coverage to David On.

> 1.    Breach of Contract is subject to a four-year statute of limitations and claims under 42 Pa.C.S. § 8371 are subject to a two-year statute of limitations.

Breach of contract is subject to a four-year statute of limitations. 42 Pa.C.S. § 5525. To the extent Scott brings a claim for bad faith, the applicable statute of limitations is two years. 42 Pa.C.S. § 5524; Ash v. Cont'l Ins. Co., 932 A.2d 877, 878 (Pa. 2007).

Scott contends that his claim for statutory bad faith is recoverable as part of his claim for breach of contract. (ECF 7). That position is not supported by Pennsylvania case law. Nor is Scott's position that bad faith damages are recoverable as part of a claim for breach of contract. To the contrary, they are separate causes of actions pled as one count.[3]

---

[3] Leading Insurance objects, based on Fed. R. Civ. P. 12(e), to Scott's violation of Fed R. Civ. P. 10 and asks that if the Court denies this motion, it enters an order requiring Scott to file a complaint with a more definitive statement.

11

Four decades ago, the Pennsylvania Supreme Court refused to recognize a common law tort of insurance bad faith. D'Ambrosio v. Pa. Nat'l Mut. Cas. Ins. Co., 431 A.2d 966, 970 (Pa. 1981) (refusing to recognize a claim for common law insurance bad faith and inviting the Pennsylvania legislature "to announce and implement the Commonwealth's public policy governing the regulation of insurance carriers" and holding that "it is equally for the Legislature to determine whether sanctions beyond those created under the [Unfair Insurance Practices] Act are required to deter conduct which is less than scrupulous.")

Despite Scott's contentions to the contrary (See ECF 7), the legislature enacted 42 Pa.C.S. § 8371 in response to D'Ambrosio. See, Toy v. Metro. Life Ins. Co., 928 A.2d 186, 199 (Pa. 2007). Damages under 42 Pa.C.S. § 8371 sound in tort, not in contract. Ash v. Cont'l Ins. Co., 932 A.2d 877, 885 (Pa. 2007). In Ash and Toy, the Pennsylvania Supreme Court discussed the history of 42 Pa.C.S. § 8371 at length. According the Ash Court, "an action under § 8371 is distinct from the common law cause of action for breach of the contractual duty of good faith." Ash, 932 A.2d at 884. Binding Pennsylvania Supreme Court precedent binds this court – and Scott – to the holding that 42 Pa.C.S. § 8371 is a statutory tort and, therefore, subject to the two-year statute of limitations. Id. at 885 (holding "we conclude the Superior Court properly determined an action under § 8371 is a statutorily-created tort action and we therefore hold such an action is subject to the two-year statute of limitations under 42 Pa.C.S. § 5524."

2. Scott's Claims Accrued no later than November 24, 2014

Leading Insurance, according to Scott's complaint, disclaimed coverage on November 24, 2014. (ECF 1 at ¶ 10.) A claim accrues "as soon as the right to institute and maintain a suit arises." Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005).

12

Scott relies on a thirty-year-old unpublished Eastern District case for the proposition that the breach of contract claim accrued when Scott and David On entered into the Settlement. (ECF 7). Thorson v. State Farm Mut. Auto. Ins. Co., 1992 U.S. Dist. LEXIS 291 (E.D. Pa. Jan. 10, 1992). Only three trial court opinions relied on that case and it has not been cited by any court since 1996, according to LexisNexis. It was never cited by an appellate court in any jurisdiction.

Thorson involves an automobile accident in which the insurance carrier denied the insured's claim for underinsured motorists coverage before the lawsuit between the tortfeasor and the insured concluded. The lawsuit did not include a claim for breach of contract, instead bringing counts for "unfair insurance practices under 42 Pa.C.S.A. § 8371" and "similar relief under the Pennsylvania Consumer Protection Law, 73 P.S. § 201-1, et seq." The Court determined that the claims were premature because the amount of the insured's damages and legal liability were affixed, the claim was not ripe. Importantly, in Thorson, State Farm had refused to pay underinsured motorists benefits under its policy.

In Erie Ins. Exch. v. Bristol, the Pennsylvania Supreme Court held that a claim for breach of contract for UM/UIM coverage was subject to standard principles of insurance contract law, and an insured's claim accrued when the insurance carrier breached the insurance contract by denying the claim or refusing to arbitrate. 174 A.3d 578, 589 (Pa. 2017). Accordingly, the Pennsylvania Supreme Court in Bristol overruled the principles espoused by the Thorson Court.

Recent decisions in Pennsylvania and the Third Circuit make it clear that claims for bad faith and breach of contract, like those alleged by Scott, accrue when the insurance carrier refuses to pay or otherwise the parties are aware that an actual controversy exists. Selective Way Ins. Co. v. Hosp. Grp. Servs., 119 A.3d 1035, 1038 (Pa. Super. 2014) (*en banc*). In Allegheny Ludlum, LLC v. Liberty Mut. Ins. Co., the Western District applied Selective to an insured's claims for

breach of contract, declaratory judgment, and bad faith. 487 F. Supp. 3d 350, 359 (W.D. Pa. 2020) aff'd 858 F. App'x 49, 50 (3d Cir. 2021) (non-precedential). The Western District Court determined that the insured's claims accrued when its carriers disclaimed coverage and that the insured's claims filed more than four years after the disclaimer were untimely. Id. The Third Circuit affirmed "substantially for the reasons set forth in the District Court's Memorandum and Order." Allegheny Ludlum, LLC v. Liberty Mut. Ins. Co., 858 F. App'x 49, 50 (3d Cir. 2021).

Scott alleges that, on November 24, 2014, Leading Insurance disclaimed coverage to David On in its disclaimer letter. ECF 1 at ¶ 11. That letter left no doubt that Leading Insurance denied both its duty to defend and to indemnify David On in the CCP Action, stating:

> Leading [Insurance's] investigation into this matter reveals, for the reasons set forth below, that there is no coverage under the Policy for either the loss or the resulting lawsuit. **That means that Leading [Insurance] will not pay any damages that are assessed against You as a result of the lawsuit filed by Scott. This also means that Leading [Insurance] will neither provide You with a legal defense nor pay for any legal representation that You obtain on Your own.** Because Leading [Insurance] has disclaimed coverage, You must pay for Your own legal representation. *If* You are found liable for the loss, Leading [Insurance] will not pay any damages that You become legally obligated to pay. [4]

See Exhibit 7. In that letter, Leading Insurance disclaimed both its duties to defend and indemnify David On in the CCP Action. If Leading breached the Policy, which it denies, those claims accrued when it denied Mr. On's claim nearly eight years ago. This action is untimely and must be dismissed.

## IV. Conclusion

Scott cannot relitigate whether Leading Insurance owed any duties to David On in the CCP Action. The parties litigated that precise question in that action, and claim preclusion mandates

---

[4] The Court may consider this letter as part of Leading Insurance's Fed. R. Civ. P. 12(b)(6) motion because it forms the basis of Scott's allegations. ECF 1 at ¶¶ 10-14. See, Lum v. Bank of Am., 361 F.3d 217 (3d Cir. 2004).

14

dismissal of Scott's claims. Scott's claims are materially identical, arising from the same material facts, evidence, and questions of law. Scott and David On, as parties to that action, had a full and fair opportunity to litigate the Policy's coverage. They opted not to oppose Leading Insurance's motion for summary judgment, and the Philadelphia County Court of Common Pleas entered the Judgment. As the Pennsylvania Superior Court observed, a declaratory judgment action protects "the insurance company from a later action sounding in breach of contract or bad faith based upon the insurance company's refusal to defend and/or indemnify the insured." Selective Way Ins. Co. 119 A.3d at 1052.

Scott's opportunity to be heard was in opposition to Leading Insurance's motion for summary judgment in the CCP Action or in an appeal to the Pennsylvania Superior Court. Neither he nor David On opposed that motion or appealed, waiving their rights to challenge the Judgment. It is inappropriate for them to now collaterally attack the Judgment in this Court.

Issue preclusion is also fatal to Scott's claims. According to binding Pennsylvania Supreme Court and Third Circuit precedent an insurance carrier's duties to defend and indemnify its insured flow from an initial determination that the complaint triggers coverage. The Judgment established that the factual allegations in the Injury Complaint do not trigger coverage. For Scott to prevail on a breach of contract claim, he must prove that Leading Insurance breached its duty to indemnify David On, which requires Scott to prove that the Injury Complaint triggers coverage. He cannot relitigate that issue because the Judgment establishes as a matter of law that the Injury Complaint's allegations do not trigger coverage under the Policy.

Scott's suit is untimely. Scott's complaint alleges that Leading Insurance disclaimed coverage on November 24, 2014. In that disclaimer, Leading Insurance disclaimed its duty to defend and to indemnify David On in the CCP Action. David On's claims accrued no later than

15

that date and, for breach of contract, had to be filed no later than 2018. Scott's claims are untimely, and the court should dismiss this action.

Each of the above arguments creates an independent basis on which this Court should dismiss this action. If the Court agrees with Leading Insurance on a single argument, it must dismiss this action.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: */s/Michael S. Saltzman*
Michael S. Saltzman, #46708
Sean P. Hvisdas, #317987
Mailing Address:
PO Box 360
Buffalo NY 14201
Street Address:
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
Dated: July 28, 2022                     Telephone:  267-519-6800
*Attorneys for Defendant Kookmin Best Insurance Company, Ltd. f/k/a Leading Insurance Services, Inc.*