**Exhibit "1"**

**LAW OFFICES OF DAVID P. THIRUSELVAM, L.L.C**
BY: David P. Thiruselvam, Esquire
Identification No.: 61815
121 South Broad Street
Eighteenth Floor
Philadelphia, PA 19107
(215) 546-1433

Filed and Attested by
PROTHONOTARY
03 NOV 2014 11:11 am
J. OSTROWSKI

|  |  |  |
|---|---|---|
| HAKIM SCOTT | : | Attorney for Plaintiff(s) |
| 1337 Greeby Street | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19111    Plaintiff | : | PHILADELPHIA COUNTY |
|  | : | CIVIL LAW ACTION |
| v. | : |  |
| DAVID ON, INC., d/b/a MURANO DELI | : | THIS IS A MAJOR JURY CASE |
| 6600-02 Castor Avenue | : | ASSESSMENT OF DAMAGES |
| Philadelphia, PA 19149 | : |  |
| & | : |  |
| HENG SUK HONG and SOON KI HONG | : | NOVEMBER 2014 TERM |
| 6600-02 Castor Avenue | : | NO. |
| Philadelphia, PA 19149 | : |  |
|  | : | JURY TRIAL DEMANDED |
| _____Defendants_____ | : |  |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in Court, if you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
LAWYER REFERRAL AND INFORMATION
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PENNSYLVANIA 19107-2911
(215) 238-6333

**AVISO**

Le han demanado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas doguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita sus defensas o sus defensas o sus objeciones a las su demanda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso or notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATEMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONAL O LLAME POR TELEFONO A LA ESCRITA ABAJO AFRA A VERIGUAR DONDE SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICO DE REFERENCIA LEGAL
ASOCIACION De LICENCIADOS De
1101 MARKET STREET, 11TH FLOOR

**LAW OFFICES OF DAVID P. THIRUSELVAM,L.L.C**
BY: David P. Thiruselvam, Esquire
Identification No.: 61815
121 South Broad Street
Eighteenth Floor
Philadelphia, PA 19107

| | | |
|---|---|---|
| (215) 546-1433 | | Attorney for Plaintiff(s) |
| HAKIM  SCOTT | : | COURT OF COMMON PLEAS |
| 1337 Greeby Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19111    Plaintiff | : | CIVIL LAW ACTION |
| | : | |
| v. | : | |
| DAVID ON, INC., d/b/a MURANO DELI | : | THIS IS A MAJOR JURY CASE |
| 6600-02 Castor Avenue | : | ASSESSMENT OF DAMAGES |
| Philadelphia, PA 19149 | : | |
| & | : | |
| HENG SUK HONG and SOON KI HONG | : | NOVEMBER 2014 TERM |
| 6600-02 Castor Avenue | | NO. |
| Philadelphia, PA 19149 | | |
| | | JURY TRIAL DEMANDED |
| _____Defendants_____ | : | |

## CIVIL ACTION  COMPLAINT

Plaintiff files the within civil action complaint, upon personal knowledge and upon

information and belief, as follows:

1. Plaintiff, Hakim Scott, is an adult citizen and resident of the state of Pennsylvania, residing at

the above captioned address.

2. Defendant, David On, Inc., d/b/a Murano Deli ( hereinafter " Murano" ),  is a Pennsylvania

licensed alcoholic beverage server and bar, located at the above captioned address within

Philadelphia County.

3. Defendants, Heng Suk Hong and Soon Ki Hong, are owners/ landlords of the premises in

which  defendant Murano's transacts business, within the Commonwealth of

Pennsylvania, with an address for service at the above captioned address.

Case ID: 141100107

4.  At all relevant times, all Defendants, were acting through their duly authorized agents, ostensible agents, servants, workmen and/or employees who were acting in the course and scope of their employment, and/or agency on behalf of said Defendants.

5.  The incident of May 1, 2013 described herein was caused by the negligence and of defendants, as described more particularly below, and was due in no manner whatsoever to any act or failure to act on part of the plaintiff.

6.  Defendant Murano , failed to hire/contract with employees/ agents to provide security services for the Murano, located at the above captioned address on  May 1, 2013.

7.  On or about 7:30pm of May 1, 2013, the owner served patrons alcohol and then failed to control inebriated patrons inside Murano's, and as a result plaintiff was assaulted  by a patron with a knife who caused plaintiff to suffer serious injuries.

8.  Plaintiff asserts no claim for assault.

9.  Plaintiff asserts no claim for battery.

10. Plaintiff asserts that defendants were negligent in the performance of their duties as a business proprietor and as alcohol servers, bouncers, managers and security personnel, and the failure to hire and train  security personnel.

11. As outlined more fully below, Defendant was negligent in, *inter alia*, allowing a dangerous condition on their premises with inebriated patrons, and failed to monitor and control patrons who assaulted the plaintiff.

12. Plaintiff's injuries were the direct and proximate result of the negligent actions/ inaction of Defendants and Defendants' agents.

Case ID: 141100107

13. Plaintiff does not allege or assert that plaintiff's injuries were due to intentional conduct, but rather due to the Defendants' negligent acts and other violations (creation and/or maintenance of a nuisance, dram shop violations, failure to evict) as described herein.

14. Plaintiff's injuries would not have occurred but for the negligence, (creation and/or maintenance of a nuisance, negligently failing to provide rescue, dram shop violations, failure to evict) of Defendants described herein.

## COUNT I - NEGLIGENCE
## PLAINTIFF v. ALL DEFENDANTS

15. Plaintiff incorporates by reference, as though fully set forth herein, the above paragraphs 1 through 14 of this complaint into this count and other counts.

16. Defendants, knew, or in the exercise of ordinary care, should have known, that persons might cause injury to Plaintiff, yet Defendants failed to use reasonable care and were negligent in failing in the performance of their duties and in failing to protect Plaintiffs from reasonably foreseeable injuries, in violation of the various legal duties, described herein, imposed upon Defendants as property owners, managers, possessors, who possessed, for business purposes, the property where the negligence occurred.

17. Further, Defendants' activities described herein created a public nuisance which directly resulted in Plaintiffs' harm.

18. At all times material hereto, the negligence by Defendants was the "but for" and proximate cause of the incident and plaintiff's injuries described herein, was a substantial contributing factor to the happening of the incident and consisted of the following:

      (a)    creating a dangerous condition upon its premises by failing limit the alcohol consumption of patrons, and to adequately monitor the patrons;

Case ID: 141100107

(b)     Failing to have established reasonable security measures and procedures;

(c)     Failing to use reasonable care to provide adequate security to Plaintiff, who was foreseeably endangered;

(d)     Failing to take reasonable, affirmative and precautionary steps and measures to  prevent the assault on defendant's premises, including adequate security monitoring of patrons,eventually causing injury to the Plaintiff under the circumstances;

(e)     Failing to hire/contract adequate personnel and/or failing to adequately train personnel in order to provide a reasonable security presence and/or crowd control at Murano;

(f)     Failing to adequately staff the premises with knowledge of the propensity for fights and/or criminal activity to occur on the premises and in the immediate vicinity;

(g)     Failing to take reasonable precautions to protect plaintiff against the harmful acts of persons on their property or the immediate vicinity which were, or should have been, reasonably anticipated and foreseen;

(h)     Failing to discharge an assumed and/or contractual duty to provide for security and safety to  business invitees and others at the premises;

(i)     Creating and/or promoting a dangerous condition on the property and the immediate vicinity of the property by permitting excess drinking on the premises and allowing persons to assault the plaintiff;

(j)     endangering plaintiff and the general public by failing to provide reasonable protection to plaintiff and the public against foreseeable criminal activity;

Case ID: 141100107

(k)    using and possessing Murano for a commercial and business purpose in an unreasonable and dangerous manner without providing adequate security management so as to provide reasonable protection to plaintiffs and the public against foreseeable criminal activity;

(l)    violating the duties imposed upon them as land possessors pursuant to the Restatement of Torts, Second, §§ 314A, 315, 344, & 371, as adopted in Pennsylvania;

(m)    Failing to properly train employees/contractors/ agents in the proper security methods/duties, and proper/safe rescue of patrons when providing security for bar patrons;

(p)    negligently and/or recklessly permitting illegal loitering by dangerous persons in crowds at Murano ;

(q)    disturbing the peace and quiet of the surrounding neighborhood which endangered the health and safety of Plaintiff;

(r)    creating a public nuisance in violation of applicable law, including both common law and the requirements imposed by 47 P.S. § 6-611, 47 P.S. § 4-470(a)(4) as liquor licensees;

(s)    negligently violating the license/rights/privileges to safely operate an alcohol service establishment, thereby endangering the Plaintiffs' public right to safety;

(t)    failing to properly manage the area at Murano, which was open to members of the public, and which was occupied by a possible overcrowding of business invitees, in order to fully apprise itself of the dangers posed to individuals, including the plaintiff;

(u)    failing to remove and/or notify police to remove dangerous persons, from Murano when defendants knew or should have known of their existence and violent behaviors;

(v)    negligently leasing the property to the other defendants, and failing to evict said defendants for creating a dangerous situation/ nuisance bar with prior history of drug activity and/ or violent acts on it's premises;

(w)    Failing to provide adequate medical assistance, or summon medical assistance for plaintiff who was in obvious physical distress due to his serious injuries;

(x)    negligence in the "bouncing" and/or policing of its premises in violation of the standard of care required of and/or assumed by these defendants' in the hospitality and nightclub/bar industry;

(y)    failing to timely notify the proper authorities of the incident causing injuries to plaintiff;

(z)    violating defendants' own security policies and procedures;

(aa)    creating or permitting a "nuisance bar" upon its premises; and

(bb)    negligently and/or recklessly violating the duties imposed by 47 P.S. § 6-611 & 47 P.S. § 4-470(a)(4).

19. These Defendants' conduct described above was in violation of the duties and obligations imposed upon holders of liquor licenses in Pennsylvania, pursuant to common law and including 47 P.S. § 6-611 and 47 P.S. § 4-470(a)(4), which were enacted for the protection of plaintiffs and the public in general, the violation of which constitutes negligence *per se*.

Case ID: 141100107

20. For the reasons and facts outlined herein and throughout this complaint, alternatively, upon information and belief, Defendants assumed the duty to provide reasonable security measures to protect Plaintiff by their actions and/or by contractual terms implied and/or expressed and breached such assumed duty(ies).

21. For the reasons and facts outlined herein and throughout this complaint, these Defendants negligently breached said assumed or contractual duty which caused damages to Plaintiffs, as outlined herein.

22. As a direct result of these Defendants' negligence and breaches, Plaintiff was caused to sustain numerous painful, severe and permanent injuries, as diagnosed by medical professionals, some of which include, but are not limited to the following:

    (a)    Multiple stab wounds to the left hand with avulsion laceration to the left thumb, laceration of tendon of left ring finger and left long finger;

    (b)    Debridement of avulsion laceration of left thumb, with full thickness skin grafting;

    (c)    Associated nerve damage and permanent scarring;

23. As a direct and proximate result of the Defendants' negligence, as outlined above, Plaintiff has in the past and may in the future continue to incur expenses for medical care and treatment; he has in the past and may in the future continue to suffer agonizing aches, pains and mental depression, anxiety, and emotional anguish; he has sustained a loss of earnings; he has sustained a loss of enjoyment of life; a loss of life's pleasures; he has in the past and may in the future continue to be disabled from performing some of his usual duties, occupations and avocations, all to his great loss and detriment. .

Case ID: 141100107

WHEREFORE, Plaintiff Hakim Scott demands damages from the defendants, David On, Inc., d/b/a Murano Deli, and Heng Suk Hong and Soon Ki Hong, jointly and severally, in an amount in excess of Fifty Thousand  ( $50,000.00 ) Dollars.

### COUNT II -  PA. DRAM SHOP VIOLATIONS UNDER 47 P.S. § 4-497
**Plaintiff v. Defendant Murano Deli**

24.    Plaintiff incorporates the above paragraphs and all paragraphs of this entire complaint as though same were fully set forth herein.

25.    In addition to the common law claims under Pennsylvania law as outlined above, Plaintiff additionally and alternatively brings claims against defendants for statutory violations under Pennsylvania's Dram Shop Act, 47 P.S. § 4-497.

26.    Upon information and belief, Defendants served unidentified patrons who were visibly intoxicated and as a result of said visible intoxication who became violent (both in the nightclub and outside the premises) and physically assaulted plaintiff causing serious injuries, in part due to their service of alcoholic beverages by Defendants while visibly intoxicated in violation of Pennsylvania law, as outlined herein.

27.    Defendants' violation in this regard was a further proximate cause of the harm to Plaintiff.

28.    Defendants served visibly intoxicated persons in violation of Pennsylvania law established in the Commonwealth of Pennsylvania, in particular Pennsylvania Liquor Code 47 Pa. C.S.A. § 4-497, the violation of which constitutes negligence *per se*.

29.    Defendants' violation of 47 Pa.C.S.A. § 4-497 was a factual and proximate cause of the plaintiff's injuries.

30. As a direct result of these Defendants' breach of 47 Pa.C.S.A. § 4-497, Plaintiff was caused to sustain painful, severe and permanent injuries and which includes the following:

    (a)    Multiple stab wounds to the left hand with avulsion laceration to the left thumb, laceration of tendon of left ring finger and left long finger;

    (b)    Debridement of avulsion laceration of left thumb, with full thickness skin grafting;

    (c)    Associated nerve damage and permanent scarring;

31. As a direct and proximate result of the Defendants' breach of 47 Pa.C.S.A. § 4-497, as outlined above, Plaintiff has incurred medical and other expenses and plaintiff experienced conscious pain and suffering and emotional distress.

WHEREFORE, Plaintiff Hakim Scott demands damages from the defendants, David On, Inc., d/b/a Murano Deli, and Heng Suk Hong and Soon Ki Hong, jointly and severally, in an amount in excess of Fifty Thousand ( $50,000.00 ) Dollars.

## COUNT III - NEGLIGENCE- FAILURE TO EVICT
## Plaintiff  V Defendants HENG SUK HONG and SOON KI HONG.

32. Plaintiff, Hakim Scott, repeats the allegations in the previous paragraphs 1 through 31, and incorporate them as though the same is set forth at length herein.

33. Defendants, Heng Suk Hong and Soon Ki Hong, owner(s) of the property, and its agents, servants, workers and employees, were negligent under the circumstances which include, but not limited to the following:

(a)  negligently leasing the property to the rest of the defendants, whom are named on the lease;

b.  negligently leasing the property to the rest of the defendants, whom are named on the lease, when defendant knew or should have known of his/her/ their potential for negligently operating/maintaining the premises in an unsafe manner;

c.  failing to remove/ evict the rest of the defendants, whom are named on the lease, when defendant knew or should have known of his/her/ their potential for negligently operating/maintaining the premises in an unsafe manner;

d.  failing to have in place adequate security measures to prevent the occurrence after assuming a duty of security;

e.  failing to discharge a legal, assumed, and/or contractual duty to provide security and safety to its business invitees including plaintiff;

f.  violating the duties imposed upon defendant as a land possessor pursuant to the Restatement of Torts, Seconds §§ 302B, 314, 315, 323, 343, 344 and 371, as adopted in Pennsylvania;

g.  failing to properly evaluate and screen prospective tenants so as to remove persons with his/her/ their potential for negligently operating/maintaining the premises in an unsafe manner;

h.  failing to investigate adequately circumstances of  tenants' business which created a risk of criminal activity on the premises;

i.  negligently leasing and/or continuing to lease the premises to the rest of the defendants, whom are named on the lease, when defendant knew or should have known of the history of crimes / bad acts and other actions on or about the premises that caused harm/potential harm to the patrons/ members of the public;

WHEREFORE, Plaintiff Hakim Scott demands damages from the defendants, David On, Inc., d/b/a Murano Deli , Heng Suk Hong and Soon Ki Hong, in an amount in excess of Fifty Thousand ($50,000.00) dollars.

BY: _____

David P. Thiruselvam, Esquire
Attorney for Plaintiff

Dated: November 1, 2014

## <u>VERIFICATION</u>

The undersigned, being duly sworn according to law, deposes and says that he is counsel for the party or parties indicated on the preceding pages as being represented by said counsel, that he has examined the pleading and the entire investigative file made on behalf of said party or parties, that he is taking this verification to assure compliance with the pertinent rules pertaining to timely filing of pleading and other documents described by said rules; and the facts set forth in the foregoing documents are true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4940 relating to unsworn falsification to authorities.

DATE: _11 - 1 - 14_

BY: _____
**DAVID P. THIRUSELVAM**
**Attorney for Plaintiff**

Case ID: 141100107

# VERIFICATION

I, Hakim Scott, have read the foregoing Civil Action Complaint. The statements contained therein are true and correct to the best of my personal knowledge, information and belief.

This statement and verification is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities, which provides that if I make knowingly false averments I may be subject to criminal penalties.

Dated: 11 - 1 - 14

Case ID: 141100107